

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2008

# USA v. Moss

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1686

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Moss" (2008). *2008 Decisions.* Paper 529.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/529

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-1686

UNITED STATES OF AMERICA

v.

DYSHAUN MOSS, a/k/a Sharkey,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 05-CR-557
District Judge: The Honorable Garrett E. Brown, Jr.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 12, 2008

Before: McKEE, SMITH and WEIS, *Circuit Judges*

(Filed: September 17, 2008)

OPINION

SMITH, *Circuit Judge*.

Dyshaun Moss, pursuant to a plea agreement containing a waiver of his right to

file a direct appeal, pleaded guilty to knowingly and intentionally conspiring to distribute

and to possess with the intent to distribute 100 grams of heroin in violation of 21 U.S.C.

1

§§ 841(a)(1) and 841(b)(1)(B). The presentence report calculated Moss's offense level as 31 and his criminal history category as VI, yielding a sentencing guidelines range of 188 to 235 months. At sentencing, the United States District Court for the District of New Jersey noted that several factors militated in favor of "a serious sentence." Nonetheless, because Moss had accepted responsibility for his conduct, cooperated during his presentence report, and was candid with the court, the District Court granted a downward variance of one offense level. This variance resulted in a new sentencing guidelines range of 168 to 210 months. The Court sentenced Moss to 168 months.

Moss, proceeding pro se, filed a timely notice of appeal.[1] Defense counsel concluded that there were no non-frivolous issues to appeal and filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the Supreme Court held that the "constitutional requirement of substantial equality and fair process" necessitates that appellant's counsel vigorously act as an advocate for the defendant. *Id.* at 744. In *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001), we reiterated that an *Anders* brief must demonstrate that counsel has "thoroughly examined the record in search of appealable issues," and it must "explain why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)).

Defense counsel has set forth, with citations to the record, the facts and procedural

---

[1]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006).

history of the case.  Counsel explained that he considered whether Moss could challenge the reasonableness of the sentence imposed, but concluded that any argument in that regard was frivolous in light of the downward variance which was granted and the below guideline sentence that was imposed.  We agree with counsel that it would be frivolous to challenge the reasonableness of the 168 month sentence, particularly in light of the appellate waiver contained in the plea agreement.

We conclude that defense counsel has fulfilled his obligation of thoroughly examining the record in search of appealable issues and explained why any such issue lacks merit.  Because our own independent review fails to reveal any nonfrivolous issues, we will affirm the judgment of the District Court.  We further certify that the issues presented in this appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court.  3d Cir. L.A.R 109.2(b).